[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff brought a motion for visitation, pendente lite, dated April 18, 2002, by way of an Order to show cause issued by this court.
The plaintiff's motion requests an order of visitation pursuant to General Statutes § 46b-59.[1]
The plaintiff's motion for visitation alleges that plaintiff is the "natural father" of a minor child, that the defendants are the "proported adoptive parents" of the minor child, that the plaintiff is a resident of Pennsylvania, the defendants are residents of Connecticut, and that the minor child lives and has resided in the State of Connecticut for the past ten years.
Defendants moved to dismiss this visitation request for lack of subject matter jurisdiction, and an evidentiary hearing was held. Based upon the evidence presented, the court finds as follows. The child, Kyle Edward Smith, was born on July 8, 1992 in Pennsylvania. On July 10, 1992, plaintiff signed an Affidavit of Waiver of Interest in Child. On July 15, 1992, a decree was issued by the Texas District Court for the 225th Judicial District in Bexar County, terminating the plaintiff's parental rights and on March 13, 1993, the same court issued a Decree of Adoption making the defendants the legal parents of the child. Other than three minutes in July 2000, during an attempted abduction of the child, the plaintiff has had no contact with the child other than the first three days of his life, July 8th to July 11th, 1992. The child's adoptive parents have been married for 22 years and are happily married.
Our Supreme Court has recently defined the requirements for jurisdiction for a visitation request under § 46b-59. Roth v.Weston, 259 Conn. 202 (2002). First, "any third party . . . seeking visitation must allege and establish a parent-like relationship as a jurisdictional threshold in order both to pass constitutional muster and to be consistent with the legislative intent." Id. 222. Second, the CT Page 3430 request must also contain "an allegation, along with proof thereof, that the parent's decision regarding visitation will cause the child to suffer real and substantial emotional harm" which will thereby present "a compelling state interest that will permit interference with parental right . . ." Id. In addition, "the degree of harm requires more than a determination that visitation would be in the child's best interest. It must be a degree of harm analogous to the kind of harm contemplated by § 46b-120 and 46b-129, namely, that the child is `neglected, uncared-for or dependant.'" Id. 235. The court further held that a non-parent petitioning for visitation pursuant to § 46b-59 "must prove the requisite relationship and harm . . . by clear and convincing evidence." Id. 232.
In the instant case, the plaintiff stands as a third party. His parental rights were terminated by court order and the minor child was thereafter adopted. Woosley v. Smith, et al., 925 S.W.2d 84 (1996). According to § 45a-731, a final decree of adoption, whether issued by a court of this state or a court of any other jurisdiction has, among others, the following effect:
(1) All rights, duties and other legal consequences of the biological relation of child and parent shall thereafter exist between the adopted person and the adopting parent and the relatives of such adopting parent. Such adopted person shall be treated as if such adopted person were the biological child of the adopting parent, for all purposes including the applicability of statutes which do not expressly exclude an adopted person in their operation or effect . . .
(5). . . a legal relationship between the adopted person and the adopted person's biological parent or parents and the relatives of such biological parent or parents is terminated for all purposes, including the applicability of statutes which do no expressly include such adopted person in their operation and effect. The biological parent or parents of the adopted person is relieved of all parental rights and responsibilities . . .
The plaintiff's pleading raised no issue as to the validity of the adoption proceedings, and such would be inappropriate in proceedings for visitation pursuant to § 46b-59. By order of the United States District Court, District of Connecticut, February 28, 2003, a permanent injunction was issued enjoining litigation of the question of whether the plaintiff's parental rights were terminated in violation of his due process rights and whether the adoption decree should be set aside. (Copy attached.)2*
CT Page 3431
The plaintiff is without standing to seek, and the court does not have jurisdiction to provide, visitation rights to the plaintiff under §46b-59. The plaintiff has failed to plead or prove a "parent-like relationship" with the minor child as required by Roth. The plaintiff has also failed to plead or prove the requisite serious harm.
For the above mentioned reasons, the court finds that it does not have jurisdiction over this petition for visitation and the defendants' Motion to Dismiss is granted.
HILLER, J.